IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---

LATISHA BATTLE
1540 Kinsdale Street
Philadelphia, PA 19126

    Plaintiff,

v.

SOUTHEASTERN PENNSYLVANIA
TRANSPORTATION AUTHORITY; and
EDEN'S TRANSIT, LLC; and
TOTAL TRANSIT CORP.

    Defendants.

Civil Action No.: _____

**JURY TRIAL DEMANDED**

---

## COMPLAINT – CIVIL ACTION

Plaintiff, Latisha Battle ("Plaintiff"), by and through her undersigned attorney, for her Complaint against Southeastern Pennsylvania Transportation Authority ("SEPTA"), Eden's Transit, LLC, and Total Transit Corp. (collectively "Defendants") alleges as follows:

### INTRODUCTION

1. Plaintiff brings this action to redress violation by Defendants of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*, the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 951, *et seq.*, and the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et seq.*

### PARTIES

2. Plaintiff, Latish Battle, is a citizen of the United States and the Commonwealth of Pennsylvania, and currently maintains a residence at 1540 Kinsdale Street, Philadelphia, PA 19126.

3. Defendant, Southeastern Pennsylvania Transportation Authority is a corporation duly organized under the laws of the Commonwealth of Pennsylvania, with an office address registered with the Pennsylvania Secretary of State at 1234 Market Street, 5th Floor, Philadelphia, PA 19107.

4. Defendant, Eden's Transit is a limited liability company organized under the laws of the Commonwealth of Pennsylvania, with an office address registered with the Pennsylvania Secretary of State at 115 Chestnut Street, Philadelphia, PA 19106.

5. Defendant, Total Transit Corp. is a business corporation organized under the laws of the Commonwealth of Pennsylvania, with an office address registered with the Pennsylvania Secretary of State at 4201 Tacony Street, Philadelphia PA 19124.

6. Upon information and belief, SEPTA, Eden's Transit, LLC, and Total Transit Corp. are a joint, single, and/or integrated employer with respect to the employees of Total Transit Corp.

## JURISDICTION AND VENUE

7. On or about May 9, 2018, Plaintiff filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC"), which was dually filed with the Pennsylvania Human Relations Commission ("PHRC"), thereby satisfying the requirements of 42 U.S.C. § 2000e5(b) and (e), and 43 P.S. § 959(a). Plaintiff's EEOC Charge was docketed as EEOC Charge No. 530-2018-02655. Plaintiff's EEOC Charge was filed within one hundred and eighty (180) days of the unlawful employment practice.

8. By correspondence dated October 9, 2018, Plaintiff received a Notice of Right to Sue from the EEOC regarding her Charge, advising Plaintiff had ninety (90) days to file suit against Defendants.

9. On or about January 4, 2019, within the statutory time frame applicable to her claims, Plaintiff filed the instant action.

10. Plaintiff has therefore exhausted her administrative remedies and has complied with all conditions precedent to maintaining this action.

11. This is an action authorized and instituted pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*, the Family and Medical Leave Act ("FMLA"), and the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 951, *et seq.*

12. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 1343, as it is a civil rights action arising under the laws of the United States.

13. This Court has pendant jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C § 1367, as those claims arise out of the same common nucleus of operative fact as her federal claims.

14. The venue in this district is proper to 28 U.S.C. § 1391, insomuch as the events giving rise to this action occurred in this district.

## FACTUAL BACKGROUND

15. Paragraphs 1 through 14 are hereby incorporated by reference, as though the same were fully set forth length herein.

16. On or around October 27, 2014, Defendants hired Plaintiff into the position of Para-transit Driver.

17. Throughout the course of her employment with Defendants, Plaintiff received positive performance reviews, occasional praise, and no justifiable discipline. Additionally, in or around 2017, Plaintiff was awarded a Certificate of Appreciation for Safety.

3

18. Upon information and belief, Total Transit, Corp. took over Eden's Transit, LLC during Plaintiff's tenure of employment.

19. In or around February 2017, Plaintiff informed Defendants she was suffering from severe migraines.

20. Plaintiff's condition constitutes both a serious health conditions under the FMLA and disability within the meaning of the ADA/PHRA, in that it substantially impairs one or more of Plaintiff's major life activities, such as communicating and concentrating.

21. As such, Plaintiff contacted Amy (last name unknown) ("Ms. Amy"), Defendants' Human Resources Representative, and requested FMLA leave to care for her serious health condition shortly after being diagnosed.

22. Shortly thereafter, Defendants granted Plaintiff's request for intermittent FMLA leave.

23. In total, Plaintiff only used her intermittent FMLA four (4) times until her termination. Specifically, Plaintiff called out two (2) days and departed work early two (2) times in connection to her disability.

24. However, every time Plaintiff used her approved leave, Defendants became aggravated. Specifically, Plaintiff's supervisor would say, "if you were sick you should have stayed home."

25. On or around September 14, 2017, while on a route, Plaintiff notified Zakiah (last name unknown) ("Zakiah") she needed to return to Defendants' base due to the severity of her migraine.

26. Subsequently, Defendants sent an employee to relieve Plaintiff from her duties so she could return home from work.

4

27. Upon Plaintiff's departure, Diane Magee ("Ms. Magee"), Supervisor, asked Plaintiff to fill out forms before departing home for the day. Due to the severity of her migraine, Plaintiff could not fill out these forms and went directly home.

28. A few days later, Plaintiff contacted Defendants regarding her schedule and was informed SEPTA was putting her on "hold" and that SEPTA required a doctor's note for Plaintiff's return. Indeed, Plaintiff inquired why she needed to obtain a doctor's note to return to work and was told to speak directly to SEPTA.

29. On or around September 19, 2017, Plaintiff went to SEPTA's office to discuss returning to work, but was informed she, "should not have come down here."

30. While at the SEPTA office, Phil Brown ("Mr. Brown") advised Plaintiff to return to "Eden's" office.

31. That same day, on or about September 19, 2017, Ms. McGee terminated Plaintiff for "poor performance." Additionally, Ms. McGee cited to a broken latch on a vehicle door, failure to check a CCT card, and running a red light.

32. Strangely, the performance related concerns were never brought to Plaintiff's attention prior to the commencement of her FMLA leave as a result of her disability and are clearly pretextual.

33. On or around September 22, 2017, in an attempt to get her job back, Plaintiff contacted Defendants but was informed by Ms. McGee she was "not getting [her] job back."

34. As such, Defendants failed to engage in the interactive process to determine whether there was a reasonable accommodation available which would have permitted Plaintiff to perform the essential functions of her job, in violation of the ADA.

5

35. It is believed and therefore averred Defendants terminated Plaintiff's employment because of her actual and/or perceived disabilities, and in retaliation for her request for an accommodation in connection thereto.

36. It is further believed and therefore averred that Defendants terminated Plaintiff's employment because she exercised her right to protected leave to seek treatment for her serious health condition, in violation of the FMLA.

37. As a result of Defendants' deliberate, willful, malicious, and unlawful actions, Plaintiff has suffered damages, including, but not limited to, loss of employment, promotion benefits, earnings and earnings potential, loss of potential benefits, and other economic damages, and has also suffered mental anguish, emotional pain and suffering, emotional distress, humiliation, and damage to reputation.

## COUNT I
## VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT
## 29 U.S.C. § 2601, *ET SEQ.*
## RETALIATION

38. Paragraphs 1 through 37 are hereby incorporated by reference as though the same were fully set forth at length herein.

39. Defendants employed at least fifty (50) employees within the applicable seventy-five (75) mile radius for each working day in each of twenty (20) or more calendar days in the current or preceding year.

40. Plaintiff was an eligible employee under the FMLA and was thus entitled to twelve (12) weeks of unpaid leave and/or intermittent leave to seek treatment for her serious health condition.

41. Plaintiff provided adequate notice to Defendants of her need for medical leave by giving notice as soon as she became aware of the need for leave and as soon as was practicable, pursuant to 29 U.S.C. § 2612(e).

42. Defendants willfully violated the FMLA by terminating Plaintiff's employment in retaliation for Plaintiff exercising her right to protected FMLA-leave to care for her serious health condition.

43. The aforementioned actions of Defendants constitute retaliation under the FMLA.

44. As a result of Defendants' actions, Plaintiff has suffered loss of employment, earnings, raises, and other significant economic benefits, along with emotional pain and suffering, emotional distress and humiliation.

**WHEREFORE**, as a result of the unlawful conduct of Defendants, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendants, and grant her the maximum relief allowed by law, including, but not limited to:

A. Back wages, front pay, and bonuses in an amount to be determined at trial, but not less than one hundred and fifty thousand dollars ($150,000.00);

B. Liquidated damages;

C. Plaintiff's costs, disbursements, and attorneys' fees incurred in prosecuting this action;

D. Pre-judgment interest in an appropriate amount; and

E. Such other and further relief as is just and equitable under the circumstances;

F. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth by applicable law.

# COUNT II
## THE AMERICANS WITH DISABILITIES ACT
## 42 U.S.C. § 12101, *ET SEQ.*
## DISCRIMINATION AND RETALIATION

45. Paragraphs 1 through 44 are hereby incorporated by reference as though the same were fully set forth at length herein.

46. At all times relevant hereto, Plaintiff was an employee within the meaning of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*

47. Pursuant to the ADA, Plaintiff is a qualified individual with one or more disabilities.

48. Plaintiff's migraines substantially limited her ability to engage in several major life activities for an extended period of time.

49. Defendants were aware of Plaintiff's disability and/or regarded Plaintiff as being disabled.

50. Despite her disability, Plaintiff would have been able to perform the essential functions of her job with or without a reasonable accommodation.

51. By reasons of the foregoing, Defendants, through its agents, officers, servants, and/or employees, has violated the ADA by failing to engage in the interactive process of determining reasonable accommodations for Plaintiff, and by terminating Plaintiff's employment because of her actual and/or perceived disability, because Defendants regarded Plaintiff as disabled, and request for reasonable accommodations in connection thereto.

52. As a result of Defendants' deliberate, unlawful, and malicious actions as set forth above, Plaintiff has suffered loss of employment, earnings, raises, other significant economic benefits, emotional pain and suffering, emotional distress and humiliation.

**WHEREFORE**, as a result of the unlawful conduct of Defendants, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendants, and grant her the maximum relief allowed by law, including, but not limited to:

A. Back wages, front pay, and bonuses in an amount to be determined at trial, but not less than one hundred and fifty thousand dollars ($150,000);

B. Punitive, compensatory, and/or exemplary damages in an amount to be determined at trial, but sufficient to punish Defendants for its intentional, negligent, willful, wanton, and/or malicious conduct;

C. Plaintiff's costs, disbursements, and attorneys' fees incurred in prosecuting this action;

D. Pre-judgment interest in an appropriate amount; and

E. Such other and further relief as is just and equitable under the circumstances;

F. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages as set forth by applicable law.

## COUNT III
## PENNSYLVANIA HUMAN RELATIONS ACT
## 43 P.S. § 951, *ET SEQ.*
## DISCRIMINATION AND RETALIATION

53. Paragraphs 1 through 52 are hereby incorporated by reference as though the same were fully set forth at length herein.

54. Plaintiff is a qualified individual with a disability within the meaning of the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 951, *et seq.*, due to her migraines which substantially limits Plaintiff's ability to perform major life activities such as concentrating, communicating, working, and caring for herself.

9

55. Plaintiff was/is able to perform the essential functions of her job with or without a reasonable accommodation.

56. It is believed and therefore averred that Defendants terminated Plaintiff's employment on the basis of her actual and/or perceived disabilities.

57. As a result of Defendants' deliberate, unlawful, and malicious actions as set forth above, Plaintiff has suffered loss of employment, earnings, raises, other significant economic benefits, emotional pain and suffering, emotional distress and humiliation.

58. The conduct described above constitutes a violation of the PHRA and affords Plaintiff the opportunity to seek any and all remedies available under said Act.

**WHEREFORE**, as a result of the unlawful conduct of Defendants, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendants, and grant her the maximum relief allowed by law, including, but not limited to:

A. Back wages, front pay, bonuses in an amount to be determined at trial, but not less than one hundred and fifty thousand dollars ($150,000.00);

B. Plaintiff's costs, disbursements, and attorneys' fees incurred in prosecuting this action;

C. Pre-judgment in an appropriate amount; and

D. Such other and further relief as is just and equitable under the circumstances.

E. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of caps on certain damages as set forth by applicable law.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues so triable.

                              Respectfully submitted,

                              MURPHY LAW GROUP, LLC

By: _____
                              Michael Murphy, Esq.
                              Murphy Law Group, LLC
                              Philadelphia, PA 19103
                              TEL: 267-273-1054
                              FAX: 215-525-0210
                              murphy@phillyemploymentlawyer.com
                              *Attorney for Plaintiff*

Dated: January 4, 2019

## DEMAND TO PRESERVE EVIDENCE

The Defendants are hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to her potential claims and her claims to damages, to any defenses to same, including, but not limited to electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spreadsheets, images, cache memory, payroll records, paystubs, time records, timesheets, and nay other information and/or data which may be relevant to any claim or defense in this litigation.